BROWN, Judge,
dissenting in part.
I would affirm in full the trial court’s judgment.
The insurance policy defined vandalism as the “willful and malicious damage to, or destruction of the described property.” The majority opinion embraces the trial court’s finding of a malicious intent to damage and devalue the property. The majority opinion, however, distinguishes between property destroyed and property removed from the premises. Mrs. Johnson testified that the four-ton electric cooling and heating unit was hauled off and thrown away. Thus, this unit was destroyed. Because the intent was to injure plaintiff by damaging and devaluing the property, it should not matter how this purpose was accomplished. I see no logic or basis for this difference.
Sterling, supra, is factually distinguishable. The intent in Sterling was profit not injury. Sterling clearly involved burglary with some unnecessary damage while the instant case is one of malicious intent to injure. Sterling is a third circuit case and the only Louisiana decision on this issue. Thus, if Sterling is applicable we should decline to follow its rationale.
Even under the majority opinion, the award of penalties and attorney fees was justified. The insurance company made no effort to resolve this claim. The insurer conducted no meaningful investigation and all its information was furnished by plaintiff. Initially the claim was denied under a theft exclusion. Thereafter, the insurer refused to consider the possibility of vandalism. The failure to consider the vandalism claim was arbitrary and capricious.